TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00542-CV







City of Austin, Appellant



v.



L.S. Ranch, Ltd.; Circle C Land Corp.; Phoenix Holdings, Ltd.; Eleven Castle Management

Company, Inc.; Ladon/Heilscher, Ltd.; Ladon Corporation, Inc.; James D. Gressett;


Chancellor Resources, Inc.; Slaughter 100, Ltd.; Webb Troup Enterprises,


Inc.; Cal E. Varner; Andrewartha Family Partnership, Ltd.; Weisbart


Cattle Co.; Circle C 72 Subdivision, Ltd., Streetman Homes, Inc.;


Capital Pacific Holdings, L.L.C.
, Appellees







FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT


NO. 97-1048, HONORABLE JACK H. ROBISON, JUDGE PRESIDING








 Appellees L.S. Ranch, Ltd. and Circle C Land Corp. filed a declaratory judgment
action on October 31, 1997, seeking a declaration that their designation, pursuant to section
26.179 of the Texas Water Code, of certain land owned by them as the Bear Water Quality
Protection Zone was valid. The other appellees intervened, seeking similar declarations with
respect to the Slaughter Water Quality Protection Zone. The City of Austin opposed the
declaratory judgment actions, arguing that Water Code section 26.179 is unconstitutional or, in
the alternative, that the zones in question were not validly created because appellees failed to
comply with the section's requirements.

 The trial court granted summary judgment in favor of the appellees, finding that
section 26.179 is constitutional and that appellees' designations of the Bear and Slaughter Water
Quality Protection Zones were in compliance with the law. The City of Austin appealed. 
Pursuant to the Texas Supreme Court's decision in FM Properties Operating Company, et al. v.
The City of Austin, No. 98-0685 (June 15, 2000), in which the court struck down Water Code
section 26.179 as an unconstitutional delegation of legislative power to private landowners, we
reverse the judgment of the district court and render judgment in favor of the City of Austin.



 

 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Rendered

Filed: June 22, 2000

Do Not Publish



K="#551a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00542-CV







City of Austin, Appellant



v.



L.S. Ranch, Ltd.; Circle C Land Corp.; Phoenix Holdings, Ltd.; Eleven Castle Management

Company, Inc.; Ladon/Heilscher, Ltd.; Ladon Corporation, Inc.; James D. Gressett;


Chancellor Resources, Inc.; Slaughter 100, Ltd.; Webb Troup Enterprises,


Inc.; Cal E. Varner; Andrewartha Family Partnership, Ltd.; Weisbart


Cattle Co.; Circle C 72 Subdivision, Ltd., Streetman Homes, Inc.;


Capital Pacific Holdings, L.L.C.
, Appellees







FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT


NO. 97-1048, HONORABLE JACK H. ROBISON, JUDGE PRESIDING








 Appellees L.S. Ranch, Ltd. and Circle C Land Corp. filed a declaratory judgment
action on October 31, 1997, seeking a declaration that their designation, pursuant to section
26.179 of the Texas Water Code, of certain land owned by them as the Bear Water Quality
Protection Zone was valid. The other appellees intervened, seeking similar declarations with
respect to the Slaughter Water Quality Protection Zone. The City of Austin opposed the
declaratory judgment actions, arguing that Water Code section 26.179 is unconstitutional or, in
the alternative, that the zones in question were not validly created because appellees failed to
comply with the section's requirements.

 The trial court granted summary judgment in favor of the appellees, finding that
section 26.179 is constitutional and that appellees' designations of the Bear and Slaughter Water
Quality Protection Zones were in compliance with the law. The City of Austin appealed. 
Pursuant to the Texas Supreme Court's decision in FM Properties Operating Company, et al. v.
The City of Austin, No. 98-0685 (June 15, 2000), in which the court struck down Water Code
section 26.179 as an unconstitutional delegation of legislative power to private landowners, we
reverse the judgment of the district court and render judgment in favor of the City of Austin.



 

 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Rendered

File